UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN OSHUN MOORE, | ) |
| Petitioner, | ) 3: 05-cv-00348-KJD-VPC |
| vs. | ) |
| | ) **ORDER** |
| DON HELLING, *et al,* | ) |
| Respondents. | ) |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is represented by counsel. The case proceeds on the first amended petition filed by counsel on May 25, 2006. (Docket #20.)

Following a jury trial, petitioner was found guilty of first degree murder with use of a deadly weapon, robbery with use of a firearm, and conspiracy to commit robbery with use of a firearm. (Docket #28-9, Exhibit 61.) Judgment was entered September 24, 1999. *Id*.

Petitioner filed a direct appeal from his sentence and conviction. On July 25, 2001, the Nevada Supreme Court issued an opinion reversing in part and remanding in part. (Docket #29-7, Exhibit 73.) The Nevada Supreme Court found that it was improper to enhance a sentence for conspiracy using the deadly weapon enhancement. *Id*. It remanded the case to the Nevada district court

with instructions to vacate the second consecutive twenty-to-life sentence for the count of conspiracy. The Nevada Supreme Court affirmed petitioner's conviction and sentence in all other aspects. *Id*. In so doing, it held in footnote 16 that, "the district court did not commit reversible error in giving a 'Kazalyn instruction.' See Garner v. State, 116 Nev. 770, 788-89, 6 P.3d 1013, 1025 (2000) (concluding that our holding in Byford v. State, 116 Nev. 215, 994 P.2d 700 (2000), does not apply retroactively)." *Id*.

In *Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000), the Nevada Supreme Court held that the instruction that had been given as to premeditation and deliberation, known as the *Kazalyn* instruction, "blurred the distinction between first and second degree murder." After *Byford*, the Nevada Supreme Court held in *Garner v. State*, 116 Nev. 770, 6 P.3d 1013 (2000), overruled on other grounds, *Sharma v. State*, 118 Nev. 648, 788-89, 56 P.3d 868 (2002), that the premeditation and deliberation instruction set forth in *Byford* was a new rule of law that would not be given retroactive application. The court expressly held that, "with convictions predating *Byford*, neither the use of the *Kazalyn* instruction nor the failure to give instructions equivalent to those set forth in *Byford* provides grounds for relief." *Id*. at 789, 1025. The Nevada Supreme Court subsequently affirmed that approach in *Nika v. State*, 198 P.3d 839, 851 (Nev. 2008), stating: "[b]ecause *Byford* announced a new rule and that rule was not required as a matter of constitutional law, it has no retroactive application to convictions, like Nika's, that became final before the new rule was announced."

In *Garner* the Nevada Supreme Court explained as follows:

> A conviction becomes final when the judgment of conviction has been entered, the availability of appeal has been exhausted, and a petition for certiorari to the United States Supreme court has been denied or the time for such petition has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed. 2d 649 (1987).

*Garner*, 116 Nev. at 788 n.8, 1025 n.8. Under this definition of finality and the chronology set forth above, petitioner's conviction was not yet final at the time of the *Byford* decision. Thus, it appears that under Nevada law, *Byford* was applicable to petitioner's case at the time of his direct appeal.

Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480

2

1   (1991); *Middleton v. Cupp*, 768 F.2d 1083, 1084-85 (9th Cir.1985).  Federal habeas review is limited
2   to a determination of whether the alleged error of state law "so infected the trial with unfairness as to
3   deny due process of law." *Estelle*, 502 U.S. at 72, 112 S.Ct. at 482.  The parties will be directed to brief
4   the application of this principle to petitioner's case, in light of the Nevada Supreme Court's rejection
5   of his *Byford* claim.

6          In 2007, the Ninth Circuit concluded that the *Kazalyn* instruction given in a Nevada
7   inmate's trial was defective "because it relieved the State of its burden of proving every element of first-
8   degree murder beyond a reasonable doubt." *Polk v. Sandoval*, 503 F.3d 903, 909 (9th Cir. 2007).
9   Specifically, the Ninth Circuit held that the instruction was defective because "it relieved the state of the
10  burden of proof on whether the killing was deliberate as well as premeditated." *Id*. at 910.  The Ninth
11  Circuit then addressed the question under *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116
12  L.Ed.2d 385 (1991) of "whether the ailing instruction by itself so infected the entire trial that the
13  resulting conviction violates due process."  The court concluded that considering the instructions as a
14  whole, there was a reasonable likelihood that the jury applied them in such a way that violated the
15  inmate's right to due process.  *Polk*, 503 F.3d at 910.

16         As the final step in its analysis, the Ninth Circuit conducted a harmless error analysis
17  under *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).  In so doing,
18  the court reviewed both the jury instructions and the evidence presented at trial.  In the present case, the
19  court is dissatisfied with the harmless error analysis provided by the parties in the context of their
20  discussion of the application *Polk* decision, particularly in regard to the evidence presented at petitioner's
21  trial.  The court will therefore direct the parties to provide further briefing on this issue also.

22

23  **IT IS THEREFORE ORDERED** that the parties shall simultaneously file supplemental
24  briefs addressing the two issues set forth above.  These briefs shall be filed no later than thirty (30) days
25  from the date of entry of this order.

26  **IT IS FURTHER ORDERED** that the parties may simultaneously file responses to the

opposing party's supplemental brief no later than thirty (30) days after the filing of the supplemental briefs.

DATED: January 6, 2011

_____
UNITED STATES DISTRICT JUDGE